## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LONNIE YATES, Inmate #C90736,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | )   **CIVIL NO. 06-672-DRH** |
| **C/O S. RODRIGUEZ, LT. BROSHEARS,** | ) |
| **C/O JASON VASQUEZ, MISS JACKIE** | ) |
| **MILLER,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

This action is before the Court on Plaintiff's motion to proceed *in forma pauperis* (Doc. 2).

The Court finds that Plaintiff, an inmate currently incarcerated in the Menard Correctional Center,

is indigent and unable to pay the full filing fee in advance; therefore, leave to proceed *in forma*

*pauperis* is **GRANTED**.  Pursuant to 28 U.S.C. § 1915(b), **IT IS HEREBY ORDERED** that

Plaintiff shall pay the **$350.00 filing fee** applicable to this civil action as follows:

1. Plaintiff shall pay an initial partial filing fee of **$ 21.48**.  *See* 28 U.S.C. § 1915(b)(1).  The agency having custody of Plaintiff is **DIRECTED** to transmit this amount from Plaintiff's prison trust fund account to the Clerk of Court upon receipt of this Memorandum and Order.

2. Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account until the filing fee is paid in full.

3. The agency having custody of Plaintiff shall forward payments from Plaintiff's account to the Clerk of this Court each time the amount in the account exceeds $10 until the filing fee is paid.  Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202.

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to Plaintiff and to the Trust Fund Officer at the Menard Correctional Center *upon entry of this Memorandum and Order*.

### THRESHOLD REVIEW

Plaintiff brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 to challenge a prison disciplinary proceeding. The case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal for failure to state a claim.

*Factual Allegations*

Plaintiff states that on July 16, 2005, while housed at Stateville Correctional Center, he was

placed in segregation under investigation for possible involvement in trading and trafficking of contraband.  On July 20, 2005, Plaintiff was transferred to Menard Correctional Center.  On August 4, 2005, Plaintiff was issued a disciplinary report for conspiring to trade and traffic in drugs and drug paraphernalia after a note written by Plaintiff and referencing drugs, was found in the possession of another inmate.  Heroin was also found in that inmate's cell.  Plaintiff appeared before the Menard Adjustment Committee (consisting of Defendants Broshears and Vasquez) on August 24, 2005, and was found guilty of trading or trafficking in drugs and drug paraphernalia and specifically for soliciting drugs.  Plaintiff was disciplined with a six-month demotion to c-grade, six months of segregation, six months visitation restriction, six months commissary restriction, and revocation of three months of good conduct credit.  Plaintiff states that a number of procedural irregularities occurred in the investigation of the charges and in finding him guilty, in violation of due process.

*Legal Standards*

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show at the outset that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990).  Only after a plaintiff has stated such a deprivation will the Court conduct an analysis of whether the process he received was adequate.  The Supreme Court has held that while a state may create a liberty interest, such state-created liberty interests are limited to "freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force. . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483 (1995).  The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of

*Sandin*.  In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state.  *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997).  If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.*  In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.*  Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

In the instant case, Plaintiff was placed in disciplinary segregation for six months.  Nothing in the complaint or exhibits suggests that the conditions that he had to endure while in disciplinary segregation were substantially more restrictive than administrative segregation in the most secure prison in the State of Illinois.  Plaintiff was also demoted to c-grade status, denied visitation, and denied commissary privileges; these deprivation also do not implicate a protected liberty interest. *See Thomas v. Ramos,* 130 F.3d 754, 762 n.8 (7th Cir. 1997) (and cases cited therein) (no protected liberty interest in demotion to c-grade status and loss of commissary privileges).

A loss of good time credit, however, does implicate a liberty interest because such a loss potentially affects the length of Plaintiff's sentence.  As such, Plaintiff does present a cognizable due process claim regarding good time credit revoked in the disciplinary proceedings.  However, the proper method for challenging the revocation of good time credit is habeas corpus, but only after

-4-

Plaintiff has exhausted his remedies through the Illinois state courts. *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994). The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *See Turner-El  v. West,* 811 N.E.2d 728, 733 (Ill. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill.App. 1981)). The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 ILCS 5/14-101 *et seq*. to consider the merits of Plaintiff's claim.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** without prejudice to Plaintiff bringing his claims in a properly filed habeas corpus action, ***but only after he has exhausted his state court remedies***.

**IT IS SO ORDERED.**

**DATED:  September 11, 2006**

/s/   David   RHerndon
**DISTRICT JUDGE**